UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHEILA DOSS,

    Plaintiff,
vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Sheila Doss ("DOSS"), by and through the undersigned counsel, hereby sues Life Insurance of Company of North America ("LINA") and alleges:

## PRELIMINARY ALLEGATIONS

1.     "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.     DOSS was at all times relevant a plan participant under the Cigna

Companies Group Long Term Disability Policy FLK-0546200 ("LTD" Plan).

3. Defendant, LINA, is a Corp with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Southern District of Florida. LINA is the insurer of benefits under Cigna Companies LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINA LTD Plan is an employee welfare benefit plans regulated by ERISA, established by Cigna Companies under which DOSS was a participant, and pursuant to which DOSS is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, DOSS is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as DOSS remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida, and the final denial of benefits occurred in this Court's jurisdiction.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. DOSS incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, DOSS was an employee or former employee of Cigna Companies and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of DOSS's employment, DOSS became entitled to

benefits under the terms and conditions of the LTD Plan. Specifically, while DOSS was covered under the LTD Plan DOSS suffered a disability, as a result of Sickness rendering her disabled as defined under the terms of the LTD Plan. Due to concerns of privacy the nature of DOSS's sickness is set for in detail in the Administrative Record.

9. The LTD Plan defines disability to mean: The Employee is considered Disabled is, solely because of Injury or Sickness, he or she is either (1) unable to perform the material duties of his or her Regular Occupation; or (2) unable to 80% or more of his or her Indexed Earnings form working in his or her Regular Occupation. After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is either (1) unable to perform the material and of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or (2) unable to earn 80% or more of his or her Indexed Earnings.

10. DOSS's claim is under the "regular occupation" standard of disability.

11. Prior to disability DOSS worked as a Customer Service Associate for Cigna Companies.

12. Pursuant to the terms of the LTD Plan, DOSS made a claim to LINA for LTD benefits under the LTD Plan with an effective date of disability of February 25, 2020.

13. Following the applicable Elimination Period, LTD Benefits became payable on August 25, 2020.

14. LINA approved DOSS's claim as it had determined she was unable to perform the material and substantial duties of his regular occupation.

15. On June 3, 2021, LINA advised DOSS that it was terminating her claim for LTD Benefits following paper reviews performed of her medical records, which opined

DOSS was not precluded from performing the material and substantial duties of her pre-disability occupation.

16. On October 29, 2021, DOSS submitted her appeal of LINA's denial of her claim for LTD Benefits.

17. On November 4, 2021, LINA advised DOSS that it had received her appeal.

18. DOSS contact LINA in order to obtain a status as to the review of her appeal.

19. DOSS was advised verbally that her appeal had been sent to the wrong department/claims reviewer and that it was now in the hands of the proper appeal claims person.

20. On January 6, 2021, sixty-three (63) days after receiving the appeal, LINA sent a nearly duplicate copy of the initial November 4 correspondence regarding receipt of the appeal.

21. The January 6, 2021, LINA letter did not address the delay in reviewing DOSS's appeal, nor did it request a 45-day extension to review same.

22. Pursuant to ERISA, LINA has 45 days to render a decision on DOSS's appeal, with the ability to request a 45 day extension for good cause, totaling 90 days to render a decision.

23. The initial 45-day period with which to render a decision ended on December 19, 2021.

24. DOSS has not submitted any additional information to LINA following LINA's November 4, 2021, confirmation that the appeal was received. As such, LINA has no basis for the tolling of the appeal review.

25. LINA did not notify the DOSS's counsel that it was exercising its 45 day extension to review the claim.

26. As of the date of the filing of this Complaint, 67 days have passed since the filing of the appeal.

27. LINA has breached its fiduciary duty to DOSS by failing to make a determination on her appeal within the statutory time frame imposed by ERISA.

28. LINA is in violation of ERISA, 29 C.F.R. §2560.503-1(i)(3), for failure to render a decision within the statutorily imposed deadlines.

29. LINA's failure to render a timely response to DOSS's appeal is a de facto denial of benefits.

30. DOSS contends she has exhausted all administrative remedies in light of violation of ERISA, 29 C.F.R. §2560.503-1(i)(3) for failure to render a timely decision.

31. LINA breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to DOSS at a time when LINA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as DOSS was disabled and unable to work and therefore entitled to benefits.

   b. After DOSS's claim was denied in whole or in part, LINA failed to adequately describe to DOSS any additional material or information necessary for DOSS to perfect her claim along with an explanation of why such material is or was necessary.

   c. LINA failed to properly and adequately investigate the merits of DOSS's disability claim and failed to provide a full and fair review of

DOSS's claim.

    d.    LINA has failed to respond to DOSS's appeal within the statutory imposed deadlines of ERISA, 29 C.F.R. §2560.503-1(i)(3).

32.    DOSS believes and alleges that LINA wrongfully denied her claim for LTD benefits under the LTD Plan, by other acts or omissions of which DOSS is presently unaware, but which may be discovered in this future litigation and which DOSS will immediately make LINA aware of once said acts or omissions are discovered by DOSS.

33.    As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, DOSS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

34.    As a further direct and proximate result of this improper determination regarding DOSS's claims for benefits, DOSS, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), DOSS is entitled to have such fees and costs paid by LINA.

35.    The wrongful conduct of LINA has created uncertainty where none should exist, therefore, DOSS is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Sheila Doss prays for relief against Life Insurance Company of North America as follows:

1.    Payment of disability benefits due Plaintiff;

2.    An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled

by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 10, 2022

        ATTORNEYS DELL AND SCHAEFER,
        CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        (954) 620-8300

          /s/ *Stephen F. Jessup*
        STEPHEN F. JESSUP, ESQUIRE
        Florida Bar No.: 0026264
        Email: stephen@diattorney.com